IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA DIVISION
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                                CASE NO. 4:05-cr-45-RH-GRJ

JOHNNY L. JONES,

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Doc. 33, Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and Doc. 45, the Government's response, docketed as a motion to dismiss the § 2255 motion as untimely. For the following reasons, the undersigned recommends that the Government's motion to dismiss be granted.

Defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute more than 5 grams of cocaine base. Defendant was subject to career-offender sentencing under 21 U.S.C § 851 and U.S.S.G. § 4B1.1. The PSR calculated an offense level of 34, with a Criminal History Category of VI, resulting in a guideline range of 262 to 327 months imprisonment. PSR ¶¶ 26, 75; *See* Sentencing Transcript, Doc. 45 Exh. A. The Court sentenced Defendant to 262 months' imprisonment on March 8, 2006; Defendant did not appeal. Doc. 25. Pursuant to the Government's substantial assistance motion, Defendant's sentence was reduced to 144 months on July 23, 2007. Doc. 29. On October 24, 2009, the Court denied Defendant's motion for a sentence reduction under Guideline Amendments 706 and 715, noting that Defendant was not eligible for a reduction because his guideline range

was determined under the career-offender provisions. In response to Defendant's claim that his sentence was harsh and a lower sentence was warranted, the Court stated that Defendant's sentence was appropriate under all of the 18 U.S.C § 3553(a) factors. Doc. 32.

The instant motion to vacate was filed on June 9, 2010, more than four years after Defendant's judgment of conviction. Petitioner seeks relief on the grounds of (1) ineffective assistance of counsel, (2) actual innocence, (3) incorrect application of the statute and the federal sentencing guidelines in violation of the Constitution, and (4) incorrect application of the supervised release statute. *See* Doc. 33 at 5-6.

Section 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section." *Id*. at § 2255(f). The one-year limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Further, "in the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271; *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (movant bears burden of establishing entitlement to extraordinary remedy of equitable tolling) (§ 2254 case).

Petitioner contends that his motion is timely under the third subsection noted above, because it was "filed within the one year from March 2, 2010 the date in which the Supreme Court issued its decision in [*Johnson v. United States*, 130 S. Ct. 1265 (2010)]". Doc. 37 at 9. In *Johnson*, the Court held that "physical force" in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), meant "violent force"—that is, "force capable of causing physical pain or injury to another person," and that the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the "crime of violence" enhancement of the sentencing guidelines. *Johnson*, 130 S.Ct. at 1271.

The Government contends that *Johnson* affords Defendant no relief from the one-year time bar because his career-offender sentence was predicated upon prior drug convictions and not a prior battery offense. The Government notes that one of the

controlled-substance offenses for which Defendant's sentence was enhanced was a simple-possession offense that did not qualify him for career-offender sentencing. However, the Government argues that Defendant also had a prior conviction for resisting an officer with violence that qualifies as a violent felony, and therefore the prerequisites for enhancement were satisfied. Doc. 45 at 6-7.

On this record, the Court agrees that *Johnson*, which pertained to Florida's Battery on a Law Enforcement Officer (BOLEO) statute, affords Defendant no relief from the one-year limitations period applicable to his sentencing claims. Moreover, even if Defendant's motion to vacate were not time-barred, it would be subject to dismissal on grounds of procedural default pursuant to *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011). In *McKay*, the defendant pleaded guilty in March 2006 to four controlled-substance offenses, and was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because of prior felony convictions for (1) carrying a concealed weapon, a crime of violence under the Guidelines, and (2) a controlled-substance offense. The defendant did not object to the career-offender enhancement and did not appeal. In October 2008, the defendant filed a *pro se* motion pursuant to 28 U.S.C § 2255 arguing that in light of *Begay v. United States*, 553 U.S. 137 (2008); and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), his prior conviction for carrying a concealed weapon no longer qualified as a "crime of violence" for purposes of career-offender sentencing. The defendant argued that his procedural default of the claim should be excused because he was "actually innocent" of his career offender sentence.

The district court concluded that the claim was a nonconstitutional sentencing

claim that was not cognizable under § 2255 because it could have been raised on direct appeal. On appeal, the Eleventh Circuit declined to decide whether the claim was cognizable under § 2255. Instead, the Court concluded that the defendant's sentencing claim was procedurally defaulted. The Court explained that the defendant's procedural default could be excused only if one of the two exceptions to the procedural default rule applied: (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. *McKay*, 657 F.3d at 1196. The defendant did not argue that the cause-and-prejudice exception applied, and so the Court considered whether the actual innocence exception applied to excuse the procedural default. The Court discussed the contours of the actual-innocence exception and its application in the Supreme Court and other Circuits. The Court concluded as follows:

> With these principles in mind, we face the question of whether the actual innocence of sentence exception applies to McKay's claim that he was erroneously sentenced as a career offender because one of his prior convictions does not qualify as a "crime of violence." To answer this question, we need not enter the debate regarding whether the actual innocence exception extends to the noncapital sentencing context. Even assuming that this exception does extend beyond the capital sentencing context, it still does not apply to McKay because his claim is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview . . . . We thus decline to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence. In so doing, we heed the Supreme Court's instruction to exercise restraint in expanding the procedural default rule's exceptions. We also keep the actual innocence exception narrow, and ensure that this exception remains 'rare' and is only applied in the 'extraordinary case.'

*Id.* at 1198 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Under *McKay,* Defendant's sentencing claim is procedurally defaulted, and his

claim of "actual innocence" provides no exception to the procedural default. Although ineffective assistance of counsel may establish cause and prejudice to excuse a procedural default under some circumstances, in this case Defendant cannot show any prejudice due to counsel's failure to challenge his career-offender sentence. Even without the simple possession drug offense, Defendant's conviction for resisting an officer with violence is a violent felony for purposes of enhanced sentencing. *United States v.* Nix, 628 F.3d 1341, 1342 11th Cir. 2010); *United States v. Hayes*, 409 Fed. Appx. 277 (11th Cir. 2010) (plain language of the statute reveals that the Florida crime of resisting arrest with violence is "purposeful, violent, and aggressive.").

In light of the foregoing, it is respectfully **RECOMMENDED** that the Government's motion to dismiss, Doc. 45, be **GRANTED,** and Defendant's motion pursuant to 28 U.S.C. § 2255, Doc. 33 be **DENIED** as untimely under 28 U.S.C. § 2255(f) and as procedurally defaulted.

**IN CHAMBERS** at Gainesville, Florida, this 29th day of November, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**