IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:05cr45-RH

JOHNNY L. JONES,

    Defendant.

_____/

**ORDER DENYING THE § 2255 MOTION
AND DENYING A SENTENCE
REDUCTION UNDER AMENDMENT 750**

    The defendant Johnny L. Jones has moved for relief from his sentence under 28 U.S.C. § 2255 and for a sentence reduction under United States Sentencing Guidelines Amendment 750. This order denies the motions.

    Mr. Jones was sentenced as a career offender. The § 2255 motion asserts he was not in fact a career offender. The motion is before the court on the magistrate judge's report and recommendation, which correctly concludes that the motion is untimely, procedurally defaulted, and unfounded on the merits. Mr. Jones's prior convictions included sale of crack cocaine (presentence report ¶ 35) and resisting

an officer with violence (*id*. ¶ 40). These convictions made Mr. Jones a career offender.

Mr. Jones's motion to reduce his sentence under Amendment 750 fails because Mr. Jones was sentenced as a career offender, not based on the crack-cocaine guideline that was reduced by Amendment 750. He is not eligible for a reduction.

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2011). For a defendant who is a "career offender," however, the base offense level is the greater of the drug offense level or the career-offender level. *See id*. § 4B1.1(b).

Amendment 750 reduced the crack-cocaine base offense level. The amendment did not, however, affect the separate career-offender base offense level. The offense level of a career offender was and still is determined under a wholly separate guideline. A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment *based on a sentencing range*

*that has subsequently been lowered by the Sentencing Commission.*" 18 U.S.C. § 3582(c)(2) (emphasis added). But a district court must not reduce the sentence of a defendant whose range has not been lowered. Because the career-offender guideline range has not been changed, Mr. Jones is not eligible for a reduction.

The Eleventh Circuit squarely so held in addressing an indistinguishable prior guideline amendment—Amendment 706. *See United States v. Moore*, 541 F. 3d 1323, 1327 (11th Cir. 2008). I cited *Moore* when I denied Mr. Jones's motion to reduce his sentence under Amendment 706. ECF No. 32 at 2. More recently, the Eleventh Circuit has applied *Moore* to Amendment 750. *See United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 53, is accepted and adopted as the court's further opinion. The § 2255 motion, ECF No. 33, is DENIED.

2. The motion to reduce the sentence, ECF No. 48, is DENIED.

3. The government's motion, ECF No. 49, to extend the deadline for responding to the motion to reduce a sentence is GRANTED. The response, ECF No. 50, is deemed timely.

4. The clerk must provide a copy of this order to Mr. Jones himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on January 2, 2013.

s/Robert L. Hinkle
United States District Judge
